IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| RECO TAYLOR, | ) |
|         Petitioner, | ) Civil Action No. 3:08-3610-JFA-JRM |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| M. L. RIVERA, | ) |
|         Respondents. | ) |

Petitioner, Reco Taylor ("Taylor"), is an inmate at FCI-Estill. On October 28, 2008, he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking a sentence previously imposed in the District of South Carolina.[1] Respondents filed motions to dismiss and for summary judgement on January 21, 2009. Since Taylor is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on January 22, 2009, explaining to him his responsibility to respond to respondents' motions. Taylor filed his response on March 23, 2009.[2]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), DSC.

[2] Taylor also filed a "Motion for Clarification" on March 23, 2009 in which he asks the court to clarify . . . what docket number [the attached exhibit] was filed." The exhibit is a "Response to 'Third Information' 18 U.S.C. § 924(c) (1)(C)" filed in United States v. Taylor, CR. No. 3:04-135-JFA. The Information described in the motion is an Information filed in that case notifying Taylor that the government was seeking an enhanced penalty for the § 924(c) charge in that case based on a previous conviction under § 924(c) in United States v. Taylor, 3:94-773. The information was clearly filed in case number 04-135. See discussion below.

1

## Background and Procedural History

As noted above, Taylor has been twice convicted in this court. The court's records show:

1. On January 10, 1995, Taylor pled guilty to a drug conspiracy and a § 924(c) violation in case number 94-773 (Taylor I) and was sentenced by the Honorable Dennis W. Shedd, then United States District Judge, to 70 months on the conspiracy charge and 60 months (consecutive) on the § 924(c) charge, for a total of 130 months imprisonment,[3] followed by supervised release for 4 years.

2. Taylor did not file a direct appeal or collaterally attack his conviction or sentence in Taylor I.

3. Taylor served his custodial sentence and was released to supervised release.

4. Taylor was arrested on or about February 19, 2004 while on supervised release, and indicted for an attempt to possess crack cocaine with intent to distribute (Count 1), felon in possession of a firearm (Count 2), and a § 924(c) violation (Count 3) in case number 04-135 ("Taylor II").

5. The government filed the "Third Information" seeking punishment of the § 924(c) charge in Taylor II as a second offense based on his prior § 924(c) conviction in Taylor I. Taylor's motion to strike the "Third Information" was denied by the court.

6. On January 14, 2005, Taylor entered a plea of guilty to the § 924(c) charge in Taylor II.

7. On February 16, 2005, Taylor was sentenced to 25 years imprisonment in Taylor II. Additionally, his term of supervised release from Taylor I was revoked.

8. Taylor did not appeal his conviction or sentence from Taylor II or his revocation of

---

[3] On November 25, 1996, Taylor's sentence was reduced pursuant to Rule 35.

supervised release from Taylor I.

9. On February 21, 2006, Taylor filed a petition to vacate, set aside, or correct his sentence in Taylor II pursuant to 28 U.S.C. § 2255. This case, Taylor v. United States, was docketed as case number 06-507-JFA (Taylor III). Taylor asserted ineffective assistance of counsel relating to Taylor II.

10. On March 21, 2006, the government filed a Rule 35 motion to reduce Taylor's sentence from Taylor II.

11. A hearing was held on May 11, 2006. The court reduced the sentence in Taylor II to 18 years imprisonment and Taylor voluntarily withdrew his § 2255 petition from Taylor III. The court granted the government's motion to dismiss with prejudice.

12. On February 25, 2008, Taylor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he was "actually innocent" of his conviction in Taylor I based upon Bailey v. U.S., 516 U.S. 137 (1995). See Taylor v. United States, case number 08-638 (Taylor IV).

13. On May 14, 2008 the court granted Taylor's motion to voluntarily dismiss Taylor IV without prejudice.

**Grounds for Relief**

In his present petition (Taylor V), Taylor asserts that he is entitled to a writ of habeas corpus under 28 U.S.C. § 2241. In paragraph 15 of the petition, Taylor requests the court "to vacate [his] conviction and sentence of revocation as to 18 U.S.C. § 924(c)(1) concerning the gun charge under docket number CR; 3:94-773-002 (1995)." Thus, the undersigned concludes that Taylor is attacking his § 924(c) conviction from Taylor I. He states five (5) separate grounds for relief, most of which

3

are not cognizable.[4]  In essence, Taylor asserts that his guilty plea in Taylor I was not knowing and intelligent (Ground 3) and that his conduct did not violate § 924(c) (Ground 4).

**Discussion**

In connection with its motions to dismiss (Doc. No. 11) and for summary judgment (Doc. No. 13), the government filed a "Response to Petitioner's Motion under 28 U.S.C. § 2241" (Doc. No. 12) ("Response").  No exhibits are attached to the Response, but the government cites portions of the record from Taylor I and Taylor II.  The government asserts that this court lacks jurisdiction over Taylor's present § 2241 petition, and in any event his § 924(c) convictions are factually supported.[5]

Prior to the enactment of 28 U.S.C. § 2255, the only avenue a federal prisoner could take to collaterally attack his conviction was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir.1997). In 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  Generally, motions brought under § 2255 attack the validity of a conviction or sentence, while petitions under § 2241 attack the execution of a sentence. See In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir.1997) (en banc).  A federal prisoner may also bring a § 2241 petition when

---

[4] For instance, he argues that his petition may properly be brought under 28 U.S.C. § 2241 (Ground 1); he is "in custody" as defined by 28 U.S.C. § 2241(c)(3) (Ground 2); and he can retroactively apply Watson v. U.S., 552 U.S. 74 (2007) to challenge his conviction of violation of § 924(c) from Talyor I (Ground 5).

[5] The government addresses Taylor's § 924(c) convictions from Taylor I and Taylor II.  As noted above, the undersigned construes the present petition, Taylor V, to be an attack on the § 924(c) conviction from Taylor I.  In his Roseboro response (page 26), Taylor specifically states he is not attacking the Taylor II conviction, but is challenging his Taylor I conviction.

4

a § 2255 motion is "inadequate or ineffective" to test the legality of his detention. See 28 U.S.C. § 2255(e). To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the prisoner is required to show:

**(1)** at the time of conviction, settled law of this circuit or the Supreme Court established the validity of the conviction;
**(2)** subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
**(3)** the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.
In re: Jones, 266 F.3d 328, 333-34 (4th Cir.2000).

Taylor meets the first and third Jones requirements. At the time of Taylor's conviction, settled law established the legality of his conviction. Taylor also cannot satisfy the gatekeeping provisions of § 2255 because the new rule under Watson v. U.S., 552 U.S. 74 (2007) is not one of constitutional law but of statutory interpretation. However, Taylor does not meet the second Jones requirement. Taylor did not directly appeal his conviction in Taylor I, nor has he filed a previous § 2255 motion attacking his conviction in Taylor I. Therefore, the undersigned concludes that Taylor has not shown that § 2255 is inadequate or ineffective as a means to attack his § 924(c) conviction in Taylor I. See In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir.1997) (en banc).

The government asserts that this court lacks jurisdiction over Taylor's present petition, properly construed to be a § 2255 petition, because Taylor is barred from successive filings under § 2255(h). Taylor himself, apparently out of either mistake of belief or in an attempt to demonstrate that § 2255 is inadequate or ineffective to test the legality of his conviction, mistakenly asserts that he filed a previous § 2255 petition requesting relief under his 1995 conviction. (Taylor I). He also states that "it can be argued that this matter should be considered brought under § 2255 and should

5

be dismissed as a second, or successive, petition for which leave to file has not been applied for and granted" (Doc. 1, page 4). From the record outlined above, however, it appears that both parties are mistaken in asserting that Taylor has previously filed a § 2255 collateral attack on his Taylor I conviction and is thereby barred by the gatekeeping provisions of § 2255(h) from filing a successive § 2255 petition. Taylor's only prior § 2255 petition, Taylor III, was directed at his 2005 conviction (Taylor II), not his 1995 conviction (Taylor I). See Taylor v. United States, case number 06-507-JFA. Therefore, his current § 2241 petition, properly construed to be a § 2255 petition, is not successive and is not barred by § 2255(h).

Even if considered on the merits, Taylor is not entitled to relief. On page 5 of his petition, Taylor asserts that the conduct for which he was convicted did not violate § 924(c) at the time of his conviction in 1995 (Taylor I). Taylor is mistaken. Taylor was sentenced prior to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), which held that the "use" of a gun under § 924(c) requires the "active employment" of the firearm by the defendant. At the time of Taylor's conviction in Taylor I, under the pre-Bailey statute, any person who "during and in relation to any crime of violence or drug trafficking crime...use[d] or carrie[d] a firearm" was in violation of 18 U.S.C. § 924(c).

At the time of Taylor's conviction, the controlling cases for the Fourth Circuit were Smith v. United States 508 U.S. 223 (1993) and United States v. Harris, 39 F. 3d 1262 (1994). In Smith, the Supreme Court held that trading a firearm for guns constituted "use" of a firearm under § 924(c). In Harris, the Fourth Circuit held that the defendant "used" a firearm in violation of § 924(c) when he supplied a compatriot with the purchase money to buy defendant a shotgun, and gave the compatriot cocaine as payment for obtaining the shotgun. Id. at 1269. Furthermore, the Fourth

Circuit held that a jury could reasonably conclude that a violation of § 924(c) had occurred when firearms "were present for protection and to facilitate the likelihood of the success of the drug distributions" and, therefore, violated section § 924(c). Id. at 1270.

The facts from the Pre-Sentence Investigation Report ("PSIR")[6] indicate that the conduct of which Taylor was convicted was in violation of § 924(c) at the time of Taylor's conviction and remains in violation of § 924(c) today. According to the PSIR, Taylor was armed with semi-automatic firearms during the course of his drug activities. Specifically, in paragraphs 12 and 13 on page 3, the PSIR states that on March 2, 1994, in order to make up for shorting a confidential source (hereinafter "CS") in a drug sale the previous day, Taylor gave the CS five (5) pieces of crack cocaine, which the CS observed him take from a larger piece contained within the living room wall of the residence. During that conversation, the CS observed Taylor lift up the cushion from the couch and produce a .30 caliber Norinco Chinese handgun. Taylor sold that handgun to the CS for $75.00. At the same time, when Taylor removed the handgun from under the cushion of the couch, the CS observed 10 to 12 other firearms, including handguns and shotguns, under the cushion of the couch. Additionally, during the guilty plea hearing on January 10, 1995, when Judge Shedd asked Taylor whether guns were present at the scene during the drug transaction, Taylor affirmed that guns were present. (Tr. 1995 Guilty Plea Hrg. at page 47.)

Based upon the information contained within the PSIR and the transcript of the guilty plea hearing, it is clear that Taylor was surrounded by firearms during the drug transaction on March 2nd, 1994. It is reasonable to conclude that the presence of the firearms, and Taylor's brandishing them

---

[6]The PSIR has been obtained by the undersigned and will be filed as an attachment hereto, under seal.

to the CS, was for the purpose of protecting and facilitating the success of his drug distributions. Therefore, under Harris, at the time of his 1995 conviction for Taylor I, Taylor's conduct was clearly in violation of § 924(c).

**Relief for Title 18 U.S.C. § 924(c) under Watson**

In his petition, Taylor also contends that, under Watson v. United States, 128 S.Ct. 579 (2007), the conduct for which he was convicted is no longer a violation of § 924(c). In Watson, the defendant was charged with the "use" of a firearm in violation of § 924(c) for receiving a firearm in exchange for controlled substances. The Supreme Court, reversing Watson's conviction, held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." Id. at 586. However, Watson is distinguishable from Taylor's case. Taylor did not receive a firearm in exchange for guns. He sold a gun during a drug transaction, and brandished multiple firearms during that transaction. Furthermore, Watson follows Bailey v. United States, 516 U.S. 137 (1995), which held that the "use" of a gun under § 924(c) requires the "active employment of the firearm by the defendant." Id. at 142. The Court went on to state that "active employment . . . certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 148. Watson, therefore, does not provide a basis for relief for Taylor.

Finally, following the Supreme Court's ruling in Bailey, Congress amended Title 18 U.S.C. § 924(c) to include a "possession prong." Title 18 U.S.C. § 924(c)(1)(A) now penalizes a person "who, during and in relation to any ... drug trafficking crime, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Therefore, the conduct of which Taylor was convicted remains a violation of § 924(c).

8

**Ineffective Assistance of Trial Counsel (plea was unintelligent and not knowing)**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). In the case of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) quoting <u>Strickland</u>, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

9

Strickland at 694-95.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91.

On page four of his petition, Taylor claims that his guilty plea was "unintelligent and not knowing," and that he "received critically incorrect legal advice." However, Taylor provides no evidence to establish that his trial counsel was ineffective or inefficient. Rather, he incorrectly concludes that because he was convicted of conduct which was not unlawful under § 924(c), he received critically incorrect legal advice. As noted, Taylor's conduct violated § 924(c) at the time of his 1995 conviction (Taylor I) and at present. Accordingly, Taylor does not establish that he was prejudiced by ineffective assistance of counsel. He is, therefore, not entitled to relief.

## Conclusion

Based on a review of the record and the relevant precedent, it is recommended that Taylor's

motion for clarification be **granted**, and that Respondents' motions to dismiss and/or for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 10, 2009

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).